

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr.
Director, Department of Public Safety
Camp Mabry
Austin, Texas

Dear Mr. Garrison:                Attention - Mr. Joe S. Fletcher

Opinion No. O-5458
Re: Livestock auction commission merchants or "sales rings"; whether peace officers of this State are authorized to examine the records of such merchants, under Article 1287a Vernon's Annotated R. C. S. of Texas, in view of "Packers and Stockyards Act, 1921", Title V, Sections 201 to 217, U.S.C.A., regulating the rates and practices of such merchants, and related questions.

Replying to your letter of recent date, and answering each of the questions submitted, we are of the opinion:

(a) That the managers or operators of what are referred to as "sales rings" in the livestock industry of this State are livestock auction commission merchants, as that term is defined by Chapter 192, Acts of the 45th Legislature, 1937; likewise, such managers or operators are either market agencies or dealers, as those terms are defined by paragraphs (c) and (d) of Section 201, U.S.C.A., cited as "Packers and Stockyards Act, 1921".

(b) That such merchants are required by State law to "keep a true and accurate record of the description of all such livestock so sold", including a "description of such livestock by color, probable age, and the marks and brands, if any there be, and the location of said marks and brands". In addition, such merchants are required to keep records of the names and addresses of the owners and purchasers of such livestock.

Honorable Homer Garrison, Jr. - page 2

(e) That these records so required to be kept by such merchants are by specific provision of the Act subject to inspection by any citizen of Texas, which would include any peace officer of the State.

The conclusions we have expressed are clearly supported by the plain language of the Texas statutes. Section 1, Chapter 83, Acts of the Second Called Session, 45th Legislature, 1937; Chapter 192, Acts of the 45th Legislature, 1937. Sections 1 to 8, Article 1287a, Vernon's Annotated R. C. S. of Texas. Article 1123a, Vernon's Annotated P. C. of Texas.

It would be unnecessary to pursue your inquiry further but for the fact that the Congress of the United States has by the "Packers and Stockyards Act of 1921", imposed certain regulations upon the rates and practices of livestock auction commission merchants, and your statement that some such merchants have refused to permit an inspection of their records by officers of your department on the ground that the Federal government has preempted this field of regulation.

We think there is no merit in their position, and that the owners or operators of "sales rings" must obey the law of Texas or suffer the penalties prescribed for violations.

The Act of Congress is designed to regulate the rates and practices of stockyards. It covers such subjects as weighing, rates and charges for feeding, tending and other stockyard services, and commissions and other charges for selling and buying livestock. It prohibits unreasonable and discriminatory rates, charges and practices, and delegates to the Secretary of Agriculture full power and authority to carry out the purposes of the Act. See Sections 201 to 217, Title 7, U. S. C. A.

You do not state whether the keeping of the records required by State law would add any burdens not already imposed by the Federal law, and the rules and regulations of the Secretary of Agriculture. Even if the State law adds an additional burden, we think it is a reasonable and valid requirement to effectuate the legislative purpose.

The Texas Acts we have cited do not invade the field occupied by the Act of Congress, namely, the regula-

tion of the rates, charges and practices of stockyards. The State law in question is purposed to aid the peace officers and citizens of Texas in enforcing certain criminal statutes, such as cattle theft. It is a matter of common knowledge, for example, that modern highways and motor transportation have produced new and difficult problems in protecting the farms and ranches of Texas against the depredations of cattle thieves. State regulation in this field is a proper and legitimate exercise of its police power. It does not conflict with the Federal regulations in question.

Legislative measures in aid of the enforcement of its criminal statutes are clearly within the police power of a state. Unless there is a clearly manifested intention of Congress to exclude Texas from exerting its power over the subject under consideration, the validity of the State Act is not impaired.

Reid v. Colorado, 187 U. S. 137,
47 L. Ed. 108;

Savage v. Jones, 225 U. S. 501,
56 L. Ed. 1182.

As a matter of fact, Congress has taken specific notice of state interest in stockyards and Federal legislation affecting them. By an amendment to the "Packers and Stockyards Act, 1921", adopted in 1942, it has authorized agents of a state to charge and collect fees at stockyards "for the inspection of brands, marks, and other identifying characteristics of livestock originating in or shipped from such state, for the purpose of determining the ownership of such livestock." Section 217a, Title 7, U.S.C.A.

Clearly, the Texas Acts operate well within boundaries laid down for the states by the commerce clause of the Federal Constitution and the Act of Congress here involved.

Very truly yours

ATTORNEY GENERAL OF TEXAS

by

Elbert Hooper
Assistant

APPROVED JUL 31 1943

FIRST ASSISTANT
ATTORNEY GENERAL

EH-MR



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN